And this case involves a conviction of fraud. in Moncrief, the parties agreed that the petitioner was convicted of that particular subsection, clear from what mind-regger I have. So she pled guilty to the entire statute, not to the particular subsection. As the issue might have grown out of the Supreme Court's opinion, Moncrief indicates that looking at the plea agreement, the court may look at the petitioner as an individual who had been convicted of possession of intent to distribute. If there was a particular subsection of the crime, in the plea agreement here, there is not. She pled guilty to the statute. My understanding is in Moncrief, instead of the statute, just listed multiple possible ways of violating the statute, including possessing, delivering, or possessing of intent to distribute. And the Supreme Court said, looking to the plea agreement, we know that the individual was convicted under the last of those offenses. And then prior to the inquiry as well, the representation of intent to distribute was categorically a felony offense under the Controlled Substances Act. But apart from that, we also know in this case that the petitioner was convicted under Subsection 2 because all of the conviction documents, state that she was convicted of attempted fraud in connection with an application or a driver's license as a felony. And the only offense which creates a felony under the statute is Subsection 2. Okay, but the problem analysis, as I understand it, is that the court has to look at the statute as a whole and determine whether or not it's categorically, if it's the generic version of a crime, and then only then it can go to a modified categorical approach if the statute isn't that as well, to determine and look at the documents underlying the record and determine whether it is in the EIA to not do that here. Correct, Your Honor. They did only apply a categorical approach, but that's consistent with Montrieff and this Court's decision in which in utilizing the California statute, an issue went in case when the court explained that the statute was overbroad and indivisible while in footnote 8, noting that in fact the statute was divisible as to the extent it applies to accomplices and accessories. And the same accomplice and accessory provision was in the same paragraph as the rest of the cardinal, which this Court was considering in the remarks of remains. Thus, there is a traditional inquiry, which requires the agency in this Court to narrow the, to explain the specific statute under which the individual was convicted, and doing that in this case, an agency correctly concluded that it was subsection 2, because that is the only provision in the Nevada law which creates an allegation, and the language of the information, plea agreement, and judgment here is the language of the first sentence of subsection 2, and therefore, it's the agency correctly concluded that that was the correct statute to analyze under a categorical approach. What is the statutory maximum for the gross misdemeanor in Cal? I'm not sure, but in the plan here. So the 12-year-old, how much time did she get? She was sentenced to between 19 and 48 months in prison, and the inquiry might end the case, but she could have faced up to 2 years in liability for the gross misdemeanor, but I'm not sure as to the specifics of Nevada's sentencing law. But at any point, she was convicted under subsection 2, which is a felony and was sentenced to 19 to 48 months in prison, and so she was not eligible for the felony offense exemption. And the thing that was really puzzling to me, so Cheryl, is that, do we have to decide that the statute is divisible for you to be able to make that argument? Only once the statute is isolated down to subsection 2, then this Court would apply the categorical and modified categorical approaches. But if this Court were to first look to the statute as a whole and could conclude that the statute is divisible between subsection 1 and subsection 2 because subsection 1 creates misdemeanors, and as well as subsection 2 creates a felony, then under the Supreme Court's decision, it manifests in a pre-me, the fact that those have different possible sentences means that they must have different elements that mean different offenses. And therefore, subsection 2 would be a categorical crime involving moral turpitude, which is a separate defense under Nevada's statute. Would it be better in the judgment of conviction if it specified the 483.530 parentheses 2? Perhaps, Your Honor, but I'm not familiar with how Nevada courts generally interpret judgments for how the conviction documents are made. But in any event, the judgment does use the identical language from subsection 2 of the statute, and there's no reasonable possibility that the petitioner was convicted under anything but the first sentence of subsection 2 because to be convicted of a felony, that is the only possible part of the statute which would apply. And after analyzing the correct statute, the agency could write things in the head and follow the conduct encompassed by the statute and necessarily impose fraud. Again, I don't think you're looking at the elements of the crime. When you're saying, oh, well, it's divided between 1 and 2, that's not the analysis. In that, there's sort of discaps that don't compare the elements of the crime. And you don't look at the sentencing because it only gives you what constitutes the crime. Yes, Your Honor. And I think that's a great point. In Nevada's lender, it would be any fact which necessarily increases a statutory sentence or a statutory maximum would necessarily have to be found by a jury beyond a reasonable description. That's right, but that doesn't mean it's an element. It means it's a sentencing enhancement. Just before it's stated in Memphis that courts would generally know the difference between an element or a means if one included or used a statutory maximum as required by a printing zone. In this long definition, C2 encompass looking to the possibility of an increased sentence. And in that case, subsection 2 does create a felony offense, which is a separate offense, and it's therefore subsection 2 to which this court should look in determining whether the conviction was one that was categorically a crime involving moral turpitude, which agency correctly concluded that it was. This court's case law, as well as the text of the statute. So would you say Moncrief is your best case for saying that it's proper to focus on the subsection 2, the felony? Yes, Your Honor, from the Supreme Court, Moncrief, and from this court sitting on BOC, the decision in how long to determine this, specifically for a felony offense. There were two cases, Setiak and Gallegos and Castrillo and Garcia v. Holder, where the 9th Circuit also focused on a specific subsection. But here, one of the issues is, is the judgment really clear? We'll bring you back up in a minute. The only way that it becomes clear is for you to kind of look at what the result was. 48 months, and then extrapolate. And in such a court process, that's not really looking at the elements of the statute. I'm not necessarily, Your Honor, because the judgment does state a tip-to-fraud in connection with an application for a license according to the application card, which is the language of subsection 2. And the judgment itself does state a felony, which also the statute is indicating a felony. Yes. And so, therefore, it's hearing from the connection documents, which the Supreme Court said this court may take into account, and doing so demonstrates that the petitioner was convicted under subsection 2. If the court has no further questions, the government respectfully requests that the petitioner be denied due process. Thank you, counsel. Thank you. Mr. Rodriguez, you have two minutes. Pardon me? Pardon me? You want to submit? Again, do you have the authority to go to the podium? Pardon me? We don't have you at the podium. Okay. All right. Thank you very much. Lopez-Hurtado v. Sessions will be submitted.
judges: Wardlaw, Gould, Huff